Case 41—PETITION EQUITY—May 4.

# Trimble's Ex'r v. Lebus, &c.

APPEAL FROM HARRISON CHANCERY COURT.

1. Power of Executor to Sell Stocks and Bonds.—The act of
April 29, 1890, which provides that "no administrator or executor
shall sell any dividend-paying stocks, bonds or other property which
the decedent owned at his death until so ordered by a court of gen-
eral equity jurisdic ion in the county where letters of administration
were granted or will recorded," d(es not apply where a testator has
by his will invested his executor with discretion'ary power to make
such sales.  And while an executor may be enjoined from abusing
such a discretion where it is affirmatively alleged and shown he is
about to do so to the prejudice of other benefi(iaries of the will, no
such state of case is shown here.

2. Transitory Action.—Whether the remedy sought by the executrix
here be for direct recovery of the purchase piice of bank stock sold
by her under a discretionary power conferred by the will, or for
specific performance of the contract of sale, the action is transitory
and not local.

O'HARA & BRYAN for appellant.

'The will, made and probated long before the act of April 29, 1890, was
passed, vested appellant as executrix with full power, at her own dis-
cretion, to sell the stock and invest the proceeds, and she could not
be deprived of that vested right, or controlled, by the act in question,
or any.act passed by the Legislature after that right vested in her.

J. IRVINE BLANTON for appellees.

'The Kenton Chancery Court is the only court of competent jurisdiction
to decree a sale of this stock, or to confirm a sale already made by
the executrix.  (Act of April 29, 1890, Acts 1889–1890, vol. 1, p..115.)

JUDGE LEWIS delivered the opinion of the court

Mary A. Trimble, executrix of the will of her hus-
band, W. W. Trimble, who died in Kenton county,
where said will was recorded, brought this action
in the Harrison Circuit Court to recover of Lewis
Lebus five thousand five hundred dollars, price of

fifty shares of stock of the Farmers' National Bank of Cynthiana, Kentucky, belonging to the estate of her deceased husband, that she alleges she had previously sold to the defendant.

It is stated in the petition the plaintiff tendered to defendant certificates of the stock in writing thereon assigned to him, but that the officers of said bank declining to make a transfer of the stock on its books, defendant refused to pay the price he had agreed to give for the stock or to accept the certificates thereof. Subsequently plaintiff filed an amended petition, making the devisees of W. W. Trimble and the Farmers' National Bank of Cynthiana parties-defendant, and asking a specific performance of her contract with Lebus, and, to carry it out, that the bank be required to make the necessary transfer on its books.

Upon transfer of the action to the Harrison Chancery Court, a special demurrer to jurisdiction of the court was filed by guardian of infant devisees of the testator, W. W. Trimble, and also by the Farmers' National Bank of Cynthiana. And this is an appeal from the judgment sustaining the demurrer and dismissing the action. Clause 5 of the will of W. W. Trimble, after reciting the various banks, stock of which he owned, including one hundred shares of the Farmers' Bank of Cynthiana, proceeds as follows: "My wife, Mary B. Trimble, I give the interest that may accrue on said bank stocks after my death as long as she lives, to do as she may please with."

Clause thirteen of the will is as follows: "I appoint my wife, Mary B. Trimble, executrix of this, my will, and request that no security be required of

her by the county court. If necessary to change the bank stocks, or any or either, from any cause now unforseen that may arise, she is authorized to do so."

It seems to us appellant was, by the will, invested with discretionary power to sell the stock of Farmers' National Bank of Cynthiana, or of any other of those enumerated in clause 5 of the will; and in view of the fact alleged in her petition that bank had for two years or more prior to the sale to Lebus, failed to pay dividends, as it was accustomed to do before and for some time after death of the testator, it was the right of appellant, and manifestly intended by the testator, the stock in question should be sold, and the proceeds invested in other stocks paying dividends; and as the action is transitory and not local, whether the remedy sought be for direct recovery of the purchase price, or for specific performance of the contract of sale, we are also satisfied the Harrison circuit and also the chancery court to which the action was transferred, had jurisdiction, and it was error to sustain the special demurrer.

It is, however, argued by counsel, and we suppose was assumed by the chancellor, that provisions of "An act prescribing duties of fiduciaries," approved April 29, 1890, operated not only to deprive appellant of the discretionary power to sell the stock, but to restrict jurisdiction to enforce a contract of sale to the chancery court of Kenton county where the will of the testator was probated and appellant was quailfied as executrix. That part of said statute applicable to sale of stocks, bonds and other securities by a personal representative is as follows :

"That no administrator or executor shall sell any dividend paying stocks, bonds or other property which the decedent owned at his death, until so ordered by a court of general equity jurisdiction in the county where letters of administration were granted or will recorded." That statute was, we think, intended to apply to and control exercise by an administrator or executor of their general authority to sell and dispose of stocks and bonds paying dividends, but not to take from a testator the power to invest his executor with discretionary power to make such sales, nor to restrict the executor in the exercise of such power. Of course, in such case as this, an executor, though invested by the will with discretion to sell stocks and bonds left by the testator, may be, independent of said statute, enjoined from an abuse of such discretion, when it is affirmatively alleged and shown he has or is about to do so to the prejudice of other beneficiaries of the will. But no such state of case is set up or shown in this case, as might or may be done upon return of the cause, in the answer filed by such beneficiaries.

Wherefore the judgment is reversed, and cause remanded for procceedings consistent with this opinion.