CASE 40—ACTION BY J. C. LINTHECUM AND OTHERS AGAINST THOMAS
    VOWELS EXECUTOR, FOR A SETTLEMENT OF THE ESTATE AND AN AC-
    COUNTING, &C.—MAY 26.

# Linthecum, &c., v. Vowels' Exr.

APPEAL FROM DAVIESS CIRCUIT COURT—T. F. BIRKHEAD, CIRCUIT
    JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

EXECUTORS AND ADMINISTRATORS—SETTLEMENT—EFFECT OF WILL—
    ACTIONS—PARTIES.

1. Under Civ. Code Prac., sec. 428, providing that the represen-
   tatives of the decedent, and all persons having an interest in
   the property left by the decedent, and all creditors, must be made
   parties to an action for the settlement of the estate, a petition
   which omits any of such persons is defective as to parties.
2. A testator may bind his devisees by designating a time for the
   settlement of the accounts of his executor, greater than that
   specified in Ky. St. 1903, sec. 3847, permitting actions for the
   settlement of an estate to be brought within less than six months
   from the appointment of the personal representatives.

SWEENEY, ELLIS & SWEENEY, FOR APPELLANTS

1. There is no rule of law which will prohibit any one of the
heirs or devisees from instituting an action against the executor
or administrator immediately after his commission of a breach of
his trust.

2. It is charged in the original petition in this suit that the
executor refused to "have appraised, advertised or sold" all the
personal estate of the deceased as required by the provisions of
the will.

3. The petition avers that the executor converted $505.50 of
the personal assets to his own use and this is admitted by the
demurrer which was sustained.

4. Appellants contend that since the executor was clothed with
the power to sell and convey the real estate he was the only neces-
sary party to the action. While the other devisees may have
been proper parties, they were not necessary parties.

5. Although the will provides that "a partial settlement is to
be made in twelve months and a complete settlement in two

years," we insist that an action for devastavit may be instituted at any time.

6. The jurisdiction of a county court is special and limited, and except as such jurisdiction is expressly conferred on such court to compel a personal representative to return a true inventory and appraisement, that jurisdiction vests alone in a court of equity, and this we have invoked in the circuit court which has general jurisdiction.

7. Appellants are not required to sit by and allow an insolvent executor to convert a material part of the estate without having a remedy in some court to compel an accurate appraisement and sale bill.

### AUTHORITIES CITED.

11 Am. & Eng. Ency. of Law (2 Ed.), p. 860; Murrell's Adm'r v. McAllister, 79 Ky., 316; Holland v. Low. Adm'r., &c, 101 Ky., 99; Brand's Exr. v. Brand, 109 Ky., 721; Carpenter v. Hazelrigg, 103 Ky., 538; Cook v. Farmers' Bank, &c., 16 Ky. Law Rep., 286.

MILLER & TODD, ATTORNEYS FOR APPELLEE

### POINTS AND AUTHORITIES.

1. This being an action for a settlement of the accounts of an executor and for a division of the estate of the testator, and having been commenced about one month after the qualification of the executor, when the will provides that the executor can not be required to make even a partial settlement until one year after his qualification the same was prematurely commenced.

2. Although under the Code and Statutes an action for a settlement of the accounts of a personal representative may be commenced as soon as he qualifies and enters upon the discharge of his official duties, this is not the rule where the decedent leaves a will where he provides for a different time in which his executor must settle, from that prescribed by law, in the absence of a will provision regulating the subject, in which event the will must control. Trimble's Executor v. Lebus, 94 Ky., 304.

3. Under section 3847, Kentucky statutes, six months must run after the date of the qualification of the first personal representative of the decedent's estate before any action shall be commenced against any executor or administrator thereof, except to settle the estate, or against an executor de son tort. This is not an action against an executor de son tort, but is an action for a settlement of the estate of the testator and might be main-

tained except for the provision of the testator's will, which provides that the executor shall not be required to settle until after one year from the date of his qualification.

4. Cited and considered: Schouler's Executors and Administrators, sec. 537; Kentucky Statutes, secs. 3857 and 3847.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The will of Thos. Vowels, a citizen and resident of Daviess county, was probated by the Daviess county court on the 16th of November, 1903, and his son, Tavian Vowels, the named executor thereof, qualified by taking the oath and executing the bond required by law. Appraisers were promptly appointed, and on the 24th of November, 1903, thereafter, filed an inventory and appraisement of the personal estate of decedent in the county court clerk's office, attested by the executor as required by law. On the 14th of December thereafter the executor filed in the office of the county court clerk a sale bill of personalty belonging to the estate of decedent sold by him at public auction on the 5th day of the preceding December. Testator was survived by six children and nine grandchildren, who were the children of a daughter, who married J. C. Linthecum. On the 25th of December, J. C. Linthecum brought this suit as next friend of his infant children against the appellee as executor, in which he alleged that the defendant had failed to have appraised certain articles of personal property of the value of $505.50, which belonged to the estate of testator, and prayed, first, that the defendant should be required to settle his accounts as executor; second, that he should be charged with the various articles of personal property alleged to have been omitted from the appraisement and sale bill; and, third, that the land devised by testator should be adjudged to be sold and the proceeds divided among the devisees according to the will. To this petition

the appellee filed a special demurrer because of a defect
of parties defendant, and also a general demurrer, both of
which were sustained. Appellant thereafter filed an amended
petition in which he made all the heirs and devisees of
testator parties to the proceeding, and alleged that the
defendant had fraudulently, and with a view of converting
to his own use, omitted to have appraised the various articles
of personal property recited in his original petition; that
he was in the possession of the land devised, and had neither
sold nor offered to sell it, and was proposing to use and
occupy it for the present year; that there was cash on hand
after the payment of the debts of testator of from $150
to $250, which he had failed to divide among the heirs,
and prayed as in his original petition. A general demurrer
was sustained to the petition as amended, and, plaintiff de-
clining to plead further, the petition as amended was dis-
missed, and he has appealed to this court.

The main question to be decided upon the appeal is whether
a testator can fix a time for the settlement of the accounts
of his executor different from that named in the statute,
which will be binding on his devisees. Section 428 of the
Civil Code of Practice provides who may institute an ac-
tion for the settlement of the estate of a deceased person.
Subsection 2 thereof provides that the representatives of
the decedent and all persons having an interest in the prop-
erty left by the decedent, or any part thereof, and the credi-
tors of the decedent, must be made parties to the action,
plaintiff or defendant. Under these provisions of the Code,
we think it quite clear that the trial court properly sus-
tained the special demurrer for defect of parties. Section
3847 of the Kentucky Statutes of 1903 provides that: "Six
months must run after the date of the qualification of the
first personal representative of a decedent's estate by a court

of this Commonwealth, before an action shall be commenced against any executor or administrator thereof, except to settle an estate, or against an executor *de son tort.* Any action brought in violation of this section shall be dismissed with costs." In construing this section of the statute this court has uniformly held that actions to settle the estates of decedents may be brought within less than six months from the appointment of the personal representatives. See Holland v. Lowe, 101 Ky., 98, 19 R., 97,, 39 S. W., 834; Brand's Ex'r v. Brand, 109 Ky., 721, 60 S. W., 704, 22 Ky. Law Rep., 1366. There is no question of an executor *de son tort* in the proceeding, and unless controlled by the provision of the will fixing a time for the settlement of the accounts of the executor, appellants having an interest in the property left by the decedent could maintain their action for a settlement under the statute and decisions quoted *supra.* But this case the will of testator not only disposes of his estate among his children, and appoints an executor to execute it, but he has willed and decreed that his administrator "should make a partial settlement with the court at the expiration of one year after entry upon the duties of administration, and that he should be prompt in making final settlement at the end of the second year thereafter." It is evident from this provision of the will that testator believed that it would be best for his estate that his executor should have at least one year from the date of his qualification to convert his estate into money and to make a partial settlement; and that it would require two years for him to finally settle up the estate. Of course, such a provision in the will of a decedent would not be enforceable as against the rights of creditors, but we know of no rule of law which prohibits a testator from fixing a time for the settlement and distribution of his estate among his devisees. If he has the

right to say to whom his estate shall go, he can fix the time and manner for settlement and distribution to his devisees.

In Trimble's Executor v. Lebus, etc., 94 Ky., 304, 15 R., 85, 22 S. W., 329, it was decided by this court that the statute which provides that no administrator or executor should sell any dividend paying stock, bonds, or other property which the decedent owned at his death until so ordered by a court of general equity jurisdiction in the county where the letters of administration were granted or the will recorded, did not apply where a testator had by his will invested his executor with discretionary power to make such sales. The statutes required that an executor or administrator shall execute bond with good security. But a testator has the right, notwithstanding the statute, to provide in his will that his executor shall be permitted to qualify without security, and in this way dispose of the provision of the statute. There is no allegation that the executor has not executed a good bond for the estate which came into his hand. And section 3857 of the Kentucky Statutes of 1903 provides a way for enforcing the return of an inventory or sale bill. If, as alleged, the executor has converted to his own use property belonging to the estate, he will be liable therefor on his bond. But this fact, in our opinion, would not be sufficient to justify the court at the instance of a devisee under the will to disregard its provision as to the time when settlement of the accounts of the executor might be enforced. Besides, it appears to us that appellee was proceeding with sufficient promptness in the discharge of his duty as executor prior to the institution of the suit.

Perceiving no error in the judgment of the chancellor, it is affirmed.