## Crenshaw v. Ware's Exor., et al.
## Dulin v. Ware's Exor., et al.

(Decided May 7, 1912.)

### Appeals from Christian Circuit Court.

1. Agent—Declaration of That He is Acting for Another—Cannot be Proved to Establish Agency.—The declaration of a person that he is acting as agent for another cannot be proved to establish his agency, when made in the absence of the alleged principal.

2. Agency—Circumstantial Evidence to Establish—When Not Sufficient.—Circumstantial evidence to establish an agency is not sufficient where it is equally consistent with the contrary conclusion.

3. Trustees—Guardians—When Executor Holds as Trustee.—Section 4707 Ky. Stats. does not apply to trustees or guardians and an executor holds as trustee when so directed in the will and the time for administering the estate has elapsed.

DOWNER & RUSSELL and C. H. BUSH for appellants.

DOUGLAS BELL and TRIMBLE & BELL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

These two actions, which are similar in their facts, will be disposed of together.

M. F. Crenshaw and M. V. Dulin brought the suits against E. B. Long, as executor of J. D. Ware. Each alleged in his petition in substance that he had bought of Long, as executor, twenty-five shares of stock in the Acme Mill & Elevator Co., at $80 per share; that the stock was sold them by R. W. White as agent of the executor and that White fraudulently represented to them that the stock was worth par; that the company had a surplus of $20,000, and that he had examined the books and knew these to be the facts, when in truth the company had no surplus and was insolvent, and White and Long knew this. The executor filed an answer traversing the allegations of the petition; proof was taken and, on final hearing, the circuit court dismissed the actions; the plaintiffs appeal.

Long was paralyzed not long after the suits were filed and died before the hearing of the actions; his deposition was not taken, nor the deposition of White. The plaintiffs each testified that White made to them

the representations, as alleged in their petitions, and stated at the time he was selling the stock as agent of Ware's executor. The facts as to the transactions are about these: White was a director in a bank in Hopkinsville, where the parties resided, and sold machinery as agent and also dealt in stocks and bonds. R. H. Detreville, who owned a large block of this mill stock, had failed a short time before and his stock which was placed upon the market had been sold through White, or by him; he then proposed to get up a pool, to buy the Ware stock which Long held as executor and invited Crenshaw and Dulin to go in the pool with him and several others and buy the stock. When they met none of the other persons whom White had named were present and they agreed to meet again next morning. The next morning they had another meeting when Dulin and Crenshaw each agreed to buy twenty-five shares of the stock at $80 per share, and executed to White each his individual note for $2,000 and an order for twenty-five shares of stock; White took the notes and orders to Long, who had the bank of which he was president, cash the notes and credit him with the proceeds as executor. He then delivered the stock to White who delivered it to Crenshaw and Dulin. Aside from the declarations of White that he was the agent of Long we do not find in the record any proof to establish the fact of his agency. We have held in a number of cases that the declarations of a person that he is the agent of another are not sufficient to establish the fact of his agency, and may not be received in evidence when made by him in the absence of the alleged principal, and not ratified by him. (See Peyton v. Old Woolen Mills Co., et al., 122 Ky., 361; Edmiston v. Hurley, 30 Ky. Law Rep., 557, and cases cited.) When we leave out of view the declarations of White, every fact in the transaction is as consistent with the conclusion that White was acting as agent of others as that he was acting as the agent of the executor. Crenshaw and Dulin each executed their notes to White individually. White dealt in stocks and bonds and there was nothing on the face of the transaction, so far as Long was concerned, to constitute White his agent. Both Dulin and Crenshaw were men who dealt in this class of property, and they each consulted with their friends before making the investment. The stock had been eagerly sought as an investment and stood high and we are by no means satisfied, from the proof, that they did not

make the investment in reliance on their own judgment. The loss of $4,000 must fall either on the infant children of Ware or upon these purchasers. The burden of proof being upon the plaintiffs we think the circuit court properly held they had failed to make out their case.

It is insisted, however, that Long as executor, made the sale in violation of section 4707, Kentucky Statutes, which among other things, provides: "No administrator or executor shall sell any dividend paying stock or bonds or other securities which the decedent owned at his death, until so ordered by a court of general equity jurisdiction in the county in which letters of administration were granted or the will recorded." The will of Ware, among other things, contains this provision: "All stocks and bonds now held by me in the Acme Mill and Elevator Co., and the American Tobacco Co., I consider good property and would suggest to my executor that they remain just as they are for the reason they all (about $40,000) are averaging nearly 8 per cent. per annum." This provision of the will was not intended to forbid the executor making a sale, but only as a suggestion as to what the testator thought advisable. By the will, Long was not only made the executor but also guardian of the children, and he was to hold the estate and manage it and turn it over to them when they were twenty-five years of age. The executor and guardian was expressly authorized to sell the land and, when the whole will is read, we think there is no doubt that the testator intended to confer on him power to change an investment when he deemed it best. The statute does not apply where the testator, by his will, invests his executor with discretionary power to make sales of his stocks and bonds. (Trimble v. Lebus, 94 Ky., 304; Chappell v. Chappell, 30 Ky. Law Rep., 935.) In addition to this we have several times held that where an executor is directed to hold the fund and pay over the annual interest, he will be held to hold the money as a trustee and not as an executor, after the lapse of a reasonable time for the settlement of the estate as executor. (Lasley's Exor. v. Lasley, 1 Duvall, 117; Neeley v. Merritt, &c., 9 Bush, 346; Warfield v. Brand's Admr., 13 Bush, 98; Givens v. Flannery, 105 Ky., 451). It will be observed that the statute uses the words, "no administrator or executor." It does not include a trustee or guardian. The reason for the distinction is obvious. It is the duty of a personal representative, within the time allowed by law, to

settle up his estate and turn it over to the distributees and he should not be allowed to burden it with commissions on the sale of good stocks and bonds which may be delivered to the distributees. On the other hand, a trustee or guardian who is to hold the estate for a number of years, and who can not make distribution until the time for distribution arrives, must exercise his judgment for the best interest of the estate and so is allowed to change an investment when necessary. In the case at bar at the time of these transactions Long held the property as trustee for the devisees and so had the authority to make the sale when necessary for the protection of the estate. Only one of the appellants went to see Long and he frankly says that nothing Long said to him induced him to buy the stock. We do not find anything in the record to show that Long knew anything more about the condition of the company than either of the appellants might have known by reasonable inquiry. One of them was a director in a bank which held the largest debt against the mills. It was the duty of Long to look out for the interests of his infant wards and we do not find in the record any evidence that he said or did anything not in keeping with his duty in the premises.

The judgment in each case is affirmed.