## Douthitt et al. v. Kentucky Joint Stock Land Bank of Lexington.

Jan. 30, 1940.

Barnes, Smith & Monarch for appellants.

Clements & Clements for appellee.

OPINION OF THE ·COURT BY CREAL, COMMISSIONER—Affirming.

In May, 1932, Martine Douthitt, as principal, Fleming R. Douthitt, Mallie Douthitt and C. E. Dawson, as sureties, executed and delivered to the Kentucky Joint Stock Land Bank of Lexington, hereinafter referred to as the bank, two purchase money bonds representing the purchase price of a tract of land in Daviess county sold by the master commissioner. The bonds were for $2,050.65 and $1,840.09, respectively and due six and twelve months after date. Because of default in payment of the bonds, the bank caused the land to be sold for the satisfaction thereof and it became the purchaser for the sum of $3,000. Thereafter the land was conveyed by the master commissioner to it. After applying the purchase price of $3,000 to the payment of taxes and drainage assessments to credit on the bonds executed by Martine Douthitt and her sureties there remained a balance of $1,601.32, due. By deed dated August 9, 1934, the bank sold and conveyed the tract to M. H. Newton.

Thereafter Martine Douthitt and the sureties on her bond instituted this action against the bank and Joe A. Vittitoe, alleging in substance that at the time the bank conveyed the land to Newton and during the negotiations leading up to the conveyance Vittitoe was agent of and for the bank, in charge of, managing and controlling its business in Daviess county and especially in control and management of the bank's business and the sale of the farm conveyed to Newton: that the sale of the land to Newton was negotiated by Vittitoe as agent for the bank and that Fleming R. Douthitt and C. E. Dawson for themselves and for the use and benefit of the other plaintiffs and at the instance of defendants sought and procured Newton as purchaser; that in consideration of their procuring such purchaser the bank and Vittitoe who purported to be acting for and in behalf of the bank contracted, agreed and obligated themselves to release plaintiffs from the payment of the unpaid portion of the purchase money bonds aggregating $1,601.32 with interest from May 6, 1933, until paid; that in June, 1935, for reasons unnecessary to enumerate it became necessary for C. E. Dawson to be released of record from liability for the balance due on the bonds executed by Martine Douthitt and her sureties and he and the other plaintiffs applied to defendants to release them of record from further liability on account of the balance due on the purchase money bonds which defendants declined and refused to do; that in order to secure release from such liability C. E. Dawson paid to the bank the sum of $1,000 under protest and while still denying any liability; that unless such sum so paid by Dawson be recovered for his use and benefit the other plaintiffs will become liable to him for such sum. They prayed judgment for the sum of $1,000 so paid by Dawson to the bank with interest from date of payment thereof and that defendants be compelled to carry out their contract to release plaintiffs from the payment of the balance due on the purchase money bonds.

By amended petition they alleged that the contract sued on was made in Daviess county, and was, therefore, performed and carried out in that county; that Vittitoe was at all times mentioned in the petition agent of the bank with authority to negotiate and consummate the contract, or he falsely and fraudulently represented to plaintiffs that he had such authority and thereby induced plaintiffs to enter into the contract.

By separate answer defendants traversed the allegations of the petition. At the close of plaintiffs' evidence, judgment pursuant to a directed verdict for defendants was entered dismissing plaintiffs' petition and adjudging that they take nothing thereby; that defendants recover their costs. After rendition of the judgment and before appeal was prosecuted, a motion of C. E. Dawson to be permitted to withdraw as party plaintiff was sustained and the other plaintiffs are prosecuting this appeal against the bank only.

It is argued by counsel for appellants in substance (1) that Vittitoe as appellee's agent agreed with appellants and Dawson that in consideration of Newton purchasing the farm from appellee appellants and Dawson would be released from liability on account of the balance due on the purchase money bonds; (2) that even though Vittitoe was not authorized by appellee to make such agreement it is estopped by its conduct from denying that Vittitoe was so authorized and is bound by his acts; (3) that by accepting the benefits growing out of the acts of Vittitoe in selling the farm appellee ratified all his actions in connection therewith including the agreement to release the principal and sureties from liability on the purchase money bonds.

The evidence for appellants is to the effect that they were told by some person not connected with the transaction in any way that Vittitoe was agent for appellee and thereupon he was approached about the matter; that he represented in effect that he was such agent. However, statements as testified to by appellants or Dawson were not very definite in that respect. Their proposition was to secure a purchaser for the land if the bank would release them from liability; that Vittitoe said he thought he could handle that all right. He wrote a letter to the bank submitting the proposition and promptly received reply from the bank declining to accept it. There is evidence that one of the appellants offered to pay Vittitoe $50.00 to get the bonds released. There was other correspondence that failed to bring about an agreement. The final proposition which was accepted by the bank and pursuant to which the deed was made to Newton was communicated by telephone but nothing was said in that communication about releasing appellants and Dawson from liability on the purchase money bonds, however, either one of the appellants or Dawson stated that while Vittitoe was submitting the

proposition to the bank by telephone they suggested that the proposition include such release and that Vittitoe stated that appellee understood that. Some of the parties wrote a letter to the bank concerning the negotiations in which they referred to Vittitoe as "your agent" but the reply to this letter clearly indicated that the bank did not so regard him but on the contrary stated in effect that he was acting for appellants or Dawson. Not only so but in the correspondence the bank indicated clearly that it would not pay any commission in connection with the transaction. What purported to be a copy of a letter from Vittitoe to the bank submitting the proposition of appellants and Dawson was introduced in evidence. The first part of this copy was in carbon but the following appeared on the purported copy in original typing, "This proposition that we are now making includes with it the release of C. E. Dawson and the Douthitts from any judgment on the bond." The evidence indicates that this was not in the original letter.

From the foregoing it will be seen that the only evidence offered by appellants to establish the alleged agency was statements of Vittitoe made while the negotiations were pending and his conduct with respect to the matter. In support of the first contention counsel for appellants cite authorities to the effect that agency may be established by agreement, written or oral, or by such acts or conduct of parties to a transaction as is inconsistent with other relationship. There is nothing to show an express agreement of any character respecting the alleged agency and no evidence of acts or conduct upon the part of appellee to indicate or to give rise to an inference that such relation existed. On the other hand the correspondence relative to the sale of the land reveals that the bank did not consider or treat Vittitoe as its agent. It is a doctrine of universal application that the declarations of one claiming to be an agent are insufficient to establish agency. Crenshaw v. Ware's Ex'r, 148 Ky. 196, 146 S. W. 426; Wilson & Company v. Dunn, 213 Ky. 843, 281 S. W. 991; McFarland's Adm'r v. McFarland, 235 Ky. 283, 30 S. W. (2d) 958; Lacy v. Hodgkin, 275 Ky. 722, 122 S. W. (2d) 768; Kentucky-Pennsylvania Oil & Gas Corporation v. Clark, 247 Ky. 438, 57 S. W. (2d) 65.

What we have said concerning the first ground practically disposes of the other grounds argued for re-

versal. The evidence shows that a proposition submitted on behalf of Newton to purchase the farm was accepted by the bank and that the deed was executed in conformity therewith. The proposition did not include any release of the principal and sureties or any of them on the purchase money bond and the bank had no notice or knowledge or any agreement or understanding between Vittitoe and appellants, Dawson or Newton concerning such release.

It is therefore apparent that at the close of plaintiffs' evidence appellee was entitled to a directed verdict and since the appeal is prosecuted against the bank alone the judgment should be and is affirmed.