CASE 35—PETITION EQUITY—FEBRUARY 13.

# Lasley's ex'or vs. Lasley.

1du117
105 453

### APPEAL FROM GREEN CIRCUIT COURT.

1. The jurisdiction of equity to enforce a trust, and to prevent further perversion and abuse of it, by the removal of the delinquent trustee, is undoubted.

2. Where one was both executor and trustee under a will, and made no settlement of his accounts as executor, he should be deemed to have held the fund *as trustee* after two years from the date of his qualification; and being charged by the will with the control of a legacy for the education of the legatee, and failing so to appropriate it, he was properly held liable to compound interest on the legacy. (2 *Rev. Stat., secs.* 24, 25, *pp.* 506–7.)

3. *Section* 2, *p.* 2, *of* 2 *Rev. Stat.*, does not apply to a legacy which the will directs to be paid out for the education of a legatee in such a way, and at such times, as the executor may deem proper.

S. A. SPENCER for appellant.

T. T. ALEXANDER, for appellee, cited 8 *Dana*, 73 ; 2 *B. M.* 262, 386 ; 3 *B. M.*, 153 ; 7 *B. M.*, 175 ; 1 *Johns. Chy.*, 508 ; 3 *Johns. Chy.*, 48.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT :

By the will of John Lasley he bequeathed to his grandson, Manoah E. Lasley, " five hundred dollars for the purpose of educating said grandchild, and to be paid out and furnished, for the education of said grandchild, in such a way, and at such times, as my executors may deem proper." The will further provides, that in the event of the death of the legatee, before the legacy should be expended in his education, all, or such part of the legacy as might remain unexpended, should go to his daughter, Mrs. Blakeman, the wife of William J. Blakeman, who was one of the executors appointed by the will, and the only one who qualified.

The will is dated in 1851, and was admitted to probate in March, 1853 ; Manoah Lasley being then about four years of age. His mother was appointed his guardian in 1857, and in January, 1863, he, by his guardian and next friend, brought this action against Blakeman, as executor and trustee, alleging, in substance, that the defendant had never taken any interest in his welfare in the matter of education or otherwise; that the defendant had failed to provide for him the means of education, and had wholly failed to execute the trust or to carry out its objects and purposes. He prayed that the trustee might be removed, and for other appropriate relief.

The defendant answered, admitting that enough of the testator's estate had come to his hands, as executor, to pay the debts owing by the testator, and to pay the $500 bequeathed to the plaintiff. But he denies having failed or refused to carry out the trust, and alleges that he had always been ready and willing to comply with the requisitions of the will, but that the plaintiff had been under the absolute control of his mother, who has " always refused to let this defendant have anything to do with the education of the plaintiff, and by her, up to this time, the defendant has been prevented from sending said infant to school."

By the judgment of the court below, the defendant was removed as trustee under the will, and was ordered to pay over to a receiver the legacy of $500, with interest from the 22d March, 1854, being one year after the probate of the will, the interest to be computed at rests of two years. The receiver was directed to loan out the fund, and to exercise a sound discretion as to the amount to be expended annually in the education of the plaintiff. He was directed to report every two years the condition of the fund and the amount expended; the court reserving power to make such further orders as may be necessary to a proper application of the fund. From that judgment the defendant has appealed.

We think the judgment is clearly right, except as to a single matter of detail. The facts disclosed show beyond question that the defendant was wantonly and culpably remiss in the discharge of the duty which the will devolved upon him. And the jurisdiction of a court of equity over the trust to enforce it, and to prevent further perversion and abuse of it by the removal of the delinquent trustee, cannot be doubted. A stronger case for the exercise of such power could hardly be presented. The excuse set up in his answer is not sustained.

It is also shown that the defendant has used the fund, or, at any rate, has used the estate of the testator, out of which the legacy might and should have been raised. Being charged with the custody and control of the fund for the purposes declared in the will, and having failed so to appropriate it, he was justly chargeable with interest, compounded as provided in the judgment.

But, as already stated, he was charged with interest from the 22d March, 1854, one year only after the qualification of the executor; and in this we think the court erred to his prejudice.

The Revised Statutes require personal representatives to settle their accounts within *two years* after they qualify; and, after the expiration of that period, they shall be presumed to have used the surplus assets, and shall be charged with interest from such period, unless upon proof that no interest was made. (2 *Rev. Stat., pages* 506–7, *sections* 24, 25.)

In this case the defendant was both executor and trustee

under the will.   It appears that he made no settlement of his accounts as executor, and he should, therefore, be deemed to have held the fund in the capacity of trustee from and after the expiration of two years from the date of his qualification. There is nothing in the record to authorize the inference that he had, before that period, converted the estate of the testator into money, or that he had used the surplus assets, or that he had made interest upon the fund in question.

We have been referred to another section of the Revised Statutes, which, it is insisted, sustains conclusively the judgment as to the point under consideration.   It is in these words: " If no time is fixed for the payment of a specific pecuniary legacy, it shall be payable one year after the testator's death." (2 *Rev. Stat., page* 2, *sec.* 2.)

We think it clear, however, that this statute has no application to a case like the present.   It is not the case of a specific legacy, payable unconditionally to the legatee.   According to the terms of this will, and the plain intent and meaning of the testator, the legacy was not payable to the legatee at all; and if the executor had paid over the $500 to the plaintiff, or to his guardian, or any other person for him, within one year after the testator's death, it would have been a palpable violation of his fiducial trust, for which he would have been clearly liable. Nor can it be said, moreover, that no time was fixed for the payment of the legacy.   The language of the will is, that the money is " to be paid out and furnished for the education of said grandchild in such a way, and at such times, as my executors may deem proper."   The payment of the legacy within a year after the testator's death was, therefore, not only not intended, but is, in effect, and by necessary implication, forbidden.   The cause of the present action is, not that the executor violated his duty in failing to pay over the legacy within a year after the testator's death, but that he failed to exercise the discretion conferred by the will as to the time and manner of appropriating the fund.   The statute relied on can apply to no case in which the executor has no authority to pay the legacy within the year, and in which the legatee could not maintain an action for his failure so to pay.

For the error mentioned the judgment is reversed, and the cause remanded, with directions to correct the judgment in the particular indicated.