Givens v. Flannery, etc.

---

CASE 57—ACTION ON EXECUTOR'S BOND—JAN. 26.

# Givens v. Flannery, Etc.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. EXECUTORS' BONDS—TESTAMENTARY TRUSTS.—The sureties in a bond of an administrator, *cum tes. an.*, are not liable for the failure of the personal representative to carry out trusts created by the will and not pertaining to the executorial office.
2. SAME.—A direction to the executors to hold a fund and pay the annual interests and profits to one for life with remainder over created a testamentary trust for which the sureties in the bond of the administrator *cum tes. an.* were not liable.

J. B. PAXTON FOR APPELLANT.

1. The surety of an executor is not responsible for a breach of trust duties imposed on the executor by the will. (Brandt on Suretyship and Guaranty, Sec. 586 and note 8; Warfield v. Brand's Admr., 13 Bush, 93; Jones v. A., T. & S. F. R. R. Co., 5 L. R. A., 538; Allen, etc., v. Kennedy, etc., 10 Ky. Law Rep., 336; Lasley's Exr. v. Lasley, 1 Duv., 117; Mercer, etc., v. Glass' Exr., 15 Ky. Law Rep., 710; 91 Mich., 188; 37 Maine, 264; Perry on Trusts, sec. 281; Warren v. Benton's Trust., 3 Ky. Law Rep., 332.
2. A *cestui que trust* who knowingly suffers the trustee to handle the trust fund fifteen years, without giving bond as such, is

estopped from proceeding against the surety of the executor. Lawson R. & R., sec. 2035; Perry on Trusts, sec. 228.

3. If the surety of an executor is ever at all liable for a legacy given to his principal in trust for another, the liability is barred by the five year statute of limitations. Robinson's Com. v. Elam's Exr., 90 Ky., 300; Murrell's Admr. v. McAllister, 79 Ky., 311; Ky. Stats., secs. 2550, 2521; Powell, etc., v. Koehler, etc., 26 L. R. A., 482; Coleman v. Walker, etc., 3 Met., 67; Coffey v. Wilkerson, etc., 1 Met., 105; Roberts v. Roberts, 7 Bush, 103; Maddox v. Allen, 1 Met., 495; Edwards v. Woolfolk's Admr., 17 B. M., 376; Barclay, etc., v. Goodloe's Exr., 83 Ky., 500; Hargis, etc., v. Sewell's Admr., 87 Ky., 63; Berry, etc., v. Berry's Admr., 15 Ky. Law Rep., 865; Campbell v. Sacray, etc., 19 Ky. Law Rep., 1912.

J. S. OWSLEY FOR APPELLEE.

1. The fund sued for was not a trust fund but was covered by the bond.

2. If the fund was a trust fund, the answer failed to allege that the administrator had made a settlement and had received the fund as trustee. Prior v. Talbott, 10 Cush., 1; Johnson, etc., v. Fuquay, etc., 1 Dana, 514; Dorr v. Wainwright, 13 Pick., 328; Briggs v. Baptist Church, 8 Atl. Rep., 257; Deering v. Adams, 37 Me., 264; Treadwell v. Cordis, 5 Gray, 341; Lasley's Exr., v. Lasley, 1 Duv., 117; Southworth, etc., v. Sebree, etc., 19 Ky. Law Rep., 704.

SAME COUNSEL FOR APPELLEE IN A PETITION FOR A REHEARING.

SAME COUNSEL FOR APPELLANT IN REPLY.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

The will of Dr. George W. Givens contains the following clause: "I also direct my executors to invest and retain under their control and management the sum of one thousand dollars, and to pay over from time to time to said Sarah Givens, for and during her natural life, the annual interests or profits therefrom, and at her death to pay the same to the daughters of said Samuel and Sarah Givens,

or survivor or survivors." The executors named in the
will failed to qualify, and on August 2, 1881, William E.
McAfee qualified as administrator with the will annexed,
with appellant as his surety in his official bond. Sarah
Givens died March 1, 1894. The administrator paid her the
interest annually during her life, but, having failed to pay
to her daughters the principal after her death, they insti-
tuted this action against him and appellant as his surety
on his bond. Appellant demurred to the petition. Her
demurrer was overruled. She then filed answer, to which
the plaintiffs demurred, and, the court having sustained
that demurrer, she declined to plead further, and judgment
was entered against her. The only question in the case
is whether the surety in the executor's bond is responsi-
ble to the remaindermen for this fund. It is well settled
in this State that the surety in an executor's bond is only
liable for the duties which the law imposes upon the exe-
cutor, and that he is not liable where the executor dis-
charges the duties of a trustee, although the will, in im-
posing these duties, may not designate him as a trustee.
Thus in the case of Allen v. Kennedy, 10 Ky. Law Rep., 336,
[8 S. W., 882], where an executor was directed by the will
to lend out certain legacies until the legatees became of
age, and then pay them the money, the sureties in his bond
were held not responsible for his default. The court said:
"The loaning out of this money and holding it from ten to
twenty years was no part of the executor's duty as such.
He became trustee for these appellants, and as such can
be held responsible." This case followed Lasley v.
Lasley, 1 Duv. 117; Neely v. Merritt, 9 Bush, 346; Warfield
v. Brand's Adm'r, 13 Bush, 98, and we deem the rule too
well settled now to be departed from. It is insisted that
this rule should not be applied here, because it is not aver-

red that the executor settled his accounts, and that this fund was set apart and left in his hands by his settlement. It is averred that he held this money as trustee, and paid out the interest yearly to Mrs. Givens as such trustee; and, if he has made no settlement, it seems to us this should be averred by plaintiffs, if they wish to raise this question. After so many years, he should be presumed to have held the money as trustee, and not as executor; and in this event his surety is not liable for the fund for the reason that, as soon as he received it, it was his duty to hold it as trustee, and lend it out, and pay over the interest to Mrs. Givens. A conversion of it by him at any time after he received it, so far as appears, was a breach of his duties as trustee under this clause of the will, and not of his duties as executor. To protect themselves against possibility of this loss, appellees had the right to require him to give bond for the discharge of these duties. This they did not do; and if the money was lost while held under this trust, during the life of Mrs. Givens, the appellant, who undertook only for the faithful discharge of his legal duties as administrator with the will annexed, is not responsible for its loss by reason of a trust extending through so many years, and which might have extended much longer.

The judgment is therefore reversed, and the cause remanded, with directions to overrule the demurrer to appellant's answer, and for further proceedings consistent with this opinion.