CASE 51—REVIVOR OF ACTION—MAY 2.

# Robinson & Co. v. Bank of Pikeville.

APPEAL FROM PIKE CIRCUIT COURT.

ACTION OF J. M. ROBINSON & CO. v. BANK OF PIKEVILLE ON A CHECK.
JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.   REVERSED.

REVIVOR OF ACTION—DEATH OF PARTNER PENDING ACTION—SUGGES-
TION OF DEATH.

Held:   1. In an action by partners in behalf of the partnership, if
one of them dies the right to prosecute the action survives to the

other partners, and it is unnecessary to revive the action in the name of the personal representative of the deceased co-partner.

2. Where one of the plaintiffs suing as partner died pending the action, and defendant made a motion to dismiss for want of revivor, the admission by the surviving partners of record of the death of the deceased partner was a sufficient compliance with subdivision 1, section 500, Civil Code, providing that upon the death of a party to an action, if the right of action survive to or against the remaining parties, the action may proceed, without revivor, after statement on the record of such death.

STROTHER AND GORDON, FOR APPELLANTS.

YORK & SALYER AND R. T. BURNS, FOR APPELLEES.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

J. M. Robinson, George C. Norton, A. H. Terry, G. C. Mourning, and Douglas Barclay, partners in a mercantile business, doing business under the firm name and style of J. M. Robinson & Co., instituted this action in November, 1893, to collect a check for $827.50 drawn on appellee by one L. D. Kelly in favor of S. J. Kilgore, as their attorney. While the proceeding was pending upon the docket of the court, J. M. Robinson, one of the partners, died, in March, 1894, but the preparation of the case for trial was continued until the June term, 1897, when appellee filed the affidavit of its president reciting the fact that J. M. Robinson had been dead for more than one year, that his death had not been suggested of record, and no motion made to revive the action, and made a motion to dismiss the suit for want of revivor, to which the plaintiffs objected, and admitted the death of J. M. Robinson on the 16th day of March, 1894. At the September term, 1898, the court sustained the motion to dismiss for want of revivor, and entered judgment dismissing the petition,

to which ruling of the court plaintiffs objected and excepted, and to reverse that judgment this appeal is prosecuted.

Subdivision 1 of section 500 of the Civil Code provides: "Upon the death of a party to an action, . . . if the right of action survive to or against the remaining parties, the action may proceed, without revivor, after statement, on the record, of such death or cessation of power." And the law is well settled that in a suit by partners in favor of the partnership, and relating to partnership affairs, if one of them dies the right to prosecute the action survives to the other members of the firm alone, and it is unnecessary to revive the action in the name of the personal representative of the deceased co-partner. See Smith v. Ferguson, 3 Metc. (Ky.), 424; McCandless v. Hadden, 9 B. Mon. 186; Wilson v. Soper, 13 B. Mon. 411; and Clay v. Grayson (Ky.) 17 S. W. 219. The action of appellants did not abate by reason of the death of J. M. Robinson, and their admission of record of his death at the time the motion to dismiss was made was a sufficient compliance with the provision of the Code of Practice requiring statement of such death. The trial court erred in dismissing the petition, and the judgment is therefore reversed, and cause remanded, with instructions to reinstate the suit upon the docket, and for other proceedings consistent with this opinion.