### Williams' Adm'r v. Vonderhaar's Ex'x et al.
### Billiter et al. v. Same.

(Decided Dec. 11, 1935.)

ROBERT C. SIMMONS for appellant in first case.

CHARLES E. LESTER, JR. for appellees in first case.

ROUSE & PRICE for appellants in second case.

CHARLES E. LESTER, JR., for appellees Vonderhaar & Stetter.

ROBERT C. SIMMONS for appellee Williams' administrator.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and reversing in part.

After the death, in April, 1928, of Howard L. Williams, and the appointment and qualification of Sara Williams as the executrix of his will, she filed with the county clerk of Kenton county an appraisement and inventory of a partial list of his personal estate of the aggregate value of $4,241.20. Subsequently, she filed a supplemental appraisement and inventory of the estate, consisting of certain certificates of stock and notes, including a $1,000 check and a diamond ring of the value of $400. The total of this additional appraisement and inventory was $6,515.17. Later, Charles H. Williams filed an action in equity in the Kenton circuit court against her as executrix and individually, Warren D. Williams, and Helen H. Wolfinger, to settle Howard L. Williams' estate.

The petition contains the essential allegations, including copies of the original and supplemental appraisement and inventory. An order was entered referring the cause to the master commissioner to audit, state, and settle the accounts of Sara Williams as executrix of the estate, with directions to advertise for debts against the estate and to report his actions thereunder to the court. His report to the court contains a copy of the original and supplemental appraisement and inventory. He stated in it that he had heard evidence concerning the title of the property listed in the second appraisement and inventory and its transfer by Howard L. Williams to Sara Williams. It contains this statement:

"The master commissioner finds from the testimony and evidence produced before him, that Howard L. Williams was not at the time of his death, the owner of personalty scheduled in the supplementary inventory above set out, and that Sara Williams, as executrix is not liable therefor."

The evidence heard by the commissioner is not in the record now before us.

The record contains no evidence heard by the court or the master commissioner, authorizing the judgment entered on July 19, 1930, though it recites that the judgment was rendered "on the pleadings and proof filed herein on all questions involved herein" and sus-

tains "the plaintiff's exceptions to the finding of the master commissioner as to certain notes" listed in the judgment. The check referred to in the proof payable to Sara Williams for funeral expenses, for $1,000, was adjudged to be a part of the estate of Howard L. Williams, and that the diamond ring valued and appraised at $400 was a part of his estate. Sara Williams as executrix was directed to return the ring or its value ($400) to the court. The judgment directed that as executrix "be and she is charged with all said personal property herein adjudged to be a part of the estate of Howard L. Williams, deceased."

Charles H. Williams according to the record brought here is the only creditor who was made a party to the action to settle the estate. Bernard Vonderhaar and George Stetter, partners, engaged in business in the name of Vonderhaar & Stetter, filed in the Kenton circuit court an action against Simon M. Billiter and W. B. Frick, wherein they set out the appointment and qualification of Sara Williams as executrix of the will of Howard L. Williams and the execution of a bond payable to the commonwealth of Kentucky in the penal sum of $1,000 with Simon M. Billiter and W. B. Frick as her sureties. Their petition contains a list of the personal property of Howard L. Williams—the same listed in the petition of Charles H. Williams of the total value of $10,850.36. The substance of the judgment rendered in the action of Charles H. Williams against the executrix and others to settle the estate of Howard L. Williams is stated in their petition. Their petition contains this statement:

"That by an order entered in the case of Charles Williams, Plaintiff, vs. Sara Williams, Executrix, etc., Defendant, #30334, in the Criminal, Common Law and Equity Division, of the Kenton Circuit Court, at Covington, that they were allowed as a claim against said executrix and the estate of said decedent the sum of $999.40, with interest thereon at the rate of six per cent. per annum from September 19th, 1929, until paid, and that said claim remains and is wholly unpaid and due these plaintiffs from said Sara Williams, as executrix, as a preferred claim against her and upon the assets of said estate so received by her as such executrix."

They prayed judgment against Billiter and Frick

for the $999.40 with interest and costs. A copy of the bond is filed as an exhibit to the petition. Billiter and Frick filed an answer traversing the allegations of their petition. They denied that the $1,000 and the diamond ring "came into possession of Sara Williams as execu-trix." They affirmatively alleged that on the date she qualified "as executrix of the will of Howard L. Williams she was, is now and ever has been, totally insolvent." They charged that the fee of the master commissioner for his services was reasonably worth $200; the cost of the action was $50; counsel fees, $125; "widow's allowance, $750.00;" and that these items are superior to the claim of Vonderhaar and Stetter, and they "ought not be permitted to prosecute this action until the costs of administration have been ascertained and paid." Sara Williams was removed as executrix, and M. E. McClure was appointed by the county court as administrator of the will annexed of Howard L. Williams, and qualified by executing bond and taking the oath of office. On motion of Vonderhaar & Stetter, substantially the whole of the answer of Billiter and Frick was stricken. They filed an amended answer, reiterating the allegations of the original, and denied that the bond of Sara Williams, signed by them as sureties, contains the conditions set forth in the petition of Vonderhaar & Stetter, followed by a statement of a history of the suit of Charles H. Williams against Sara Williams, executrix, and the substance of an answer of Sara Williams alleged to have been filed therein. This amendment charges that no final judgment had been rendered in the action of Charles H. Williams against her and others and no allowance had been made to the master commissioner or to McClure as administrator with the will annexed, or to the attorneys of the executrix, and "that the plaintiffs herein are parties to said action, No. 30334, and that this action should be held in abeyance until allowances should be fixed so that there might be a fair and equitable distribution of the estate" of Howard L. Williams. A motion of Vonderhaar & Stetter to strike the major portion of this amendment was sustained with the agreement "the language stricken be made a part of this record." Another amendment to their answer was filed after the submission of the case, wherein it was pleaded that Sara Williams "had made a complete settlement of her accounts as executrix and turned over

to the master commissioner the several items which came to her hands as executrix and also the several notes and accounts and diamond ring mentioned and described in the supplemental appraisement," "all of which items came to her hands as trustee and not as executrix and by a judgment of July 19th, 1930, was held to be a part of Howard L. Williams' estate, but that same did not come to the hands of the executrix in her capacity as executrix." Following this statement is a list of the cash, the notes, and the property which are alleged to have been turned over by Sara Williams, executrix, to the master commissioner. This amendment contains a list of items paid by Sara Williams, executrix, and alleges that $827.17 is all the money and property "that came to her hands as executrix, that she had not properly accounted for." Again, it is alleged that the fees of the master commissioner and other costs in the action of Charles H. Williams against Sara Williams, executrix, had not been allowed or paid which they had not discovered before the submission of the case for judgment. It is charged that the account of Vonderhaar & Stetter was fraudulent, in that the invoice price of the items for which the $999.40 was charged, contained $300 which they had "agreed to rebate and pay the said Sara Williams of the invoice price to be rendered by them against Howard L. Williams." They prayed no judgment be rendered until it could be ascertained in the suit of Charles H. Williams against Sara Williams, etc., "how much of the estate of Howard L. Williams can be reduced to cash and if the amount thereof is insufficient to pay the preferred creditors,. * * * or if that relief be not granted, this action be dismissed without prejudice." On motion of Vonderhaar & Stetter, their action was transferred to the criminal, common law and equity division of the court. M. E. McClure, administrator of the estate of Howard L. Williams with will annexed, filed an intervening petition which was taken as his answer and cross-petition. His appointment and qualifications are set out, followed by the allegation that the only assets of the estate undistributed, except a note of $3,000, and certain other notes of the hands of the master commissioner, which cannot be collected without suit and to sue on them, will necessitate the expenditure of cash for costs and other expenses incident to filing suit and prosecuting actions to collect the same. He suggests

that he is willing to undertake the collection of the notes and obligations due the estate of Howard L. Williams, if directed so to do, but "that the court ought to require the creditors of the estate, or those interested in the collection of the assets, to pay the costs, if they desire the taking of such steps to provide the funds necessary for the prosecution of said claims." He charged that Sara Williams as executrix had paid in full a number of general claims against the estate and other creditors had not been paid, "and that the general creditors whose claims have been paid should be required to pay back to the estate such sums as exceed the pro rata payments to which they would have been entitled upon proper distribution of the assets of the estate." He sought the advice and direction of the court and for proper orders as to the costs.

The answer of Sara Williams, as executrix of the will of Howard L. Williams, alluded to in the foregoing pleadings, is not now in the record, and if the master commissioner reported to the court either the paid or the unpaid creditors of the estate, the same is not now before us. A motion was entered to consolidate Vonderhaar & Stetter's action against Billiter and Frick with that of Charles H. Williams against Sara Williams et al. Billiter and Frick objected to it on the ground the former was prematurely and improperly brought. The actions were consolidated, the court reserving "the right during the progress of the cause or on final judgment, to determine the question, whether the action was prematurely or improperly brought. A motion to refer the consolidated actions to the master commissioner was overruled. On November 16, 1933, the master commissioner filed a report showing an itemized list of the cost of the action of Charles H. Williams against Sara Williams et al. Evidence was heard by him on the question of the rebate to her on the account of Vonderhaar & Stetter; also, as to the items embraced in their account and the amount charged therefor. Their account contained an item of $50 for flowers; $107.60 for perpetual care of the grave of Howard L. Williams; and $35 "paid to singers, organist and minister." He reported, as allowed on their account, items totaling $793.60 which excluded the items of flowers, perpetual care of the grave, and the "singers, organist and minister." Also, that the cost of the action had been paid, except $4.89. Sara Williams surrendered to the master

commissioner two diamond rings, "the market value of which was not reported." The testimony heard by the master commissioner on these items was reported to the court and is now a part of the record. This report of the master commissioner contains disbursements of original inventory by Sara Williams, sums totaling $1,272.45.

Vonderhaar & Stetter filed exceptions to the report, disallowing $50, cost of flowers; $107.60, charged for perpetual care of grave; and $35 for services of minister, choir, and organist, amounting to $192.60. They also excepted because no interest was allowed on their claim from the date of the filing it with the master commissioner. McClure, as administrator of the will annexed of Howard L. Williams, filed exceptions to the report, because the master commissioner inadvertently failed to consider certain depositions and because he failed to hear certain other evidence bearing on the claim of Vonderhaar & Stetter, as to the value of the coffin furnished the decedent. Thereupon, the cause was again referred to the master commissioner for the purpose of taking additional testimony with directions to consider the testimony of Mrs. Williams. After complying with the order of the court, he reported that the wholesale price of the casket, $145, and 100 per cent. profit charged by Vonderhaar & Stetter, were not fair and reasonable. Therefore, he reduced their claim for the casket from $550 to $290, which he recommended be allowed.

Vonderhaar & Stetter filed exceptions reiterating those to the $50, $35, and $107.60, and excepted to the reduction of the $550 for the casket to $290. The exceptions to the master commissioner's report disallowing the items of $50, $35, and $107.60 were sustained, and also as to the item of $290 for the casket. The cause was submitted for final judgment as against Sara Williams as executrix of Howard L. Williams, Billiter and Frick, and McClure as administrator of the estate with the will annexed of Howard L. Williams. The court directed a recovery against them for $898.61 with interest from March 5, 1934, until paid. The judgment directed the issuance of an execution. This judgment was entered the 5th day of March, 1934. Later, a motion was entered to set it aside on the ground it was not authorized by the pleadings, and because it embraced

the item of $107.60 for perpetual care of the grave. On the 26th, a motion was entered to quash the return of the execution, directed to the sheriff of the county to be levied on the assets of Billiter and Frick, and McClure as administrator of the estate with the will annexed of Howard L. Williams. The motion was supported by affidavit. It was sustained in so far as it concerned Billiter and overruled as to Frick and McClure. It was accordingly canceled and set aside as to Billiter. On May 2, 1934, the death of Vonderhaar was suggested of record, and a motion entered to revive the action as to Vonderhaar in the name of Fanny Vonderhaar as executrix of his will. On May 4th, an order was entered setting aside the judgment of March 5, 1934; the action was revived in the name of Fanny Vonderhaar, executrix of the will of Bernard Vonderhaar, and a judgment was entered against the same parties for the $444.40, with interest from December 19, 1929 until paid, and $295 with interest from December 14, 1933, until paid and costs.

Billiter and Frick have appealed from the judgment rendered March 5, 1934. McClure, as administrator of the estate with the will annexed of Howard L. Williams, has entered a motion for an appeal from the judgment rendered March 5, 1934; the order of April 2, 1934, overruling his motion and grounds for a new trial; and the judgment rendered May 4, 1934. The appeals are prosecuted on the same record; therefore, will be disposed of here as one. No appeal has been granted or asked from the order sustaining the motion to quash the return of the execution as to Billiter and overruling it as to the others; therefore, we will not consider the ruling of the court as to it.

Billiter and Frick are here arguing that the $1,000 check reported by Sara Williams, executrix, in her supplemental appraisement and inventory, was transferred to her by Howard L. Williams, "to be used only for the testator's funeral expenses."

It is their contention that under the terms of their bond, they are not liable for it or any property assigned or delivered by the testator during his life to Sara Williams as trustee; nor for any claim or demands against her individually, in favor of the estate of the testator, because she was, at the time of her appointment, as executrix, and has been insolvent ever there-

after. They admit that they did not file exceptions to the master commissioner's settlement of the accounts of Sara Williams, showing a complete accounting of the estate, except as to the item of the $1,000 check which they claim never came to her hands as executrix, and argue the same is not and was never a part of the estate of the testator, to be distributed by his executrix. Further, they argue the death of Vonderhaar occurred prior to March 5, 1934, and that the judgment of that date is for an amount in excess of that authorized by the pleadings; also, that the judgment of May 4th, setting aside and re-entering that of May 5, 1934, in so far as it affects them, is void.

It is true that none but creditors can set aside a voluntary conveyance, and that property fraudulently conveyed is void as to the creditors of the grantor. Jones v. Hill, 9 Bush, 692; Johnson v. Dodd's Adm'r, 238 Ky. 194, 37 S. W. (2d) 26, 77 A. L. R. 975. Also, that a surety in an executor's bond is only liable for the discharge of the duties which the law imposes upon him, and he is not liable where he discharges the duties of a trustee. Givens v. Flannery, 105 Ky. 451, 49 S. W. 182, 20 Ky. Law Rep. 1355; Shields v. Smith, 8 Bush, 601. It is likewise true that the sureties of an executor are not responsible for the individual debts of an executor who is insolvent at the time of his appointment. Buckel v. Smith's Adm'r, 82 S. W. 1001, 26 Ky. Law Rep. 991.

These principles are inapplicable in the present case. Sara Williams reported to the county court the $1,000 arising out of the transfer of the check to her, the diamond ring and all other property involved in this action, as the property of the decedent in her hands. The judgment of the court decreeing that the $1,000, the diamond ring, and the other property were property of the testator in the hands of Sara Williams, as executrix, is in full force and effect. It is not assailed on any ground; nor is the appraisement and inventory returned in compliance with section 3855, Ky. Stats. This section declares that the same "shall be prima facie evidence for and against such representative." If the judgment is not conclusive (McCalla's Adm'r v. Patterson, 18 B. Mon. 201), it and the inventory are prima facie correct until assailed by an appropriate pleading. Commonwealth v. Bracken, 32 S. W. 609, 17 Ky. Law Rep. 785.

It is stated in Billiter and Frick's pleadings that the claims of Vonderhaar & Stetter were reported and allowed in that action. This allegation, not being controverted, must be taken as true. Therefore, the judgment in the action of Charles H. Williams against Sara Williams, executrix, et al., declaring the $1,000, the diamond ring, and other property in her hands as executrix, were the property of the estate of Howard L. Williams, must be given the import indicated above as to them, as well as to all other parties to the action and those in privity with them. Billiter and Frick in their pleadings, without stating the facts, merely assert that the $1,000 and the ring were held by Sara Williams in trust at the date of the death of the testator. The facts necessary to constitute a trust in respect to the $1,000 and the ring not being stated in their pleading, it is plain that it states no defense or avoidance of their liability therefor as sureties on the bond of the executrix.

Her supplemental appraisement and inventory, stating that she had in her hands as executrix the $1,000, as the proceeds of the check, in the absence of evidence to the contrary, authorized and sustained the judgment of the court holding the $1,000 was in her hands as executrix and requiring her to account to the estate for it. Aside from this, the judgment recites that it was rendered on the pleadings and "proof filed herein." In the absence of the "proof filed herein," we are authorized to presume that it fully sustained the judgment, even though her supplemental appraisement and inventory alone were insufficient evidence to sustain it. Hardin's Committee v. Shelman, 245 Ky. 508, 53 S. W. (2d) 923.

It should be admitted that the prevailing and applicable rules of practice were not recognized and adhered to by the parties. Although the action to settle the estate of Williams was pending, and it appears in the pleadings that the claim of Vonderhaar & Stetter was reported and allowed therein, yet they filed an independent action against the sureties of the administrator to recover of them the amount of their claim, allowed in the action to settle the estate. However, the consolidation of their action may be regarded as the equivalent of bringing them before the court in the action to settle the estate. This method of bringing them before the court in the action to settle the estate

was not prejudicial, as only the costs incident to their action prior to its consolidation therewith, were involved, which the court was authorized to adjust by proper orders. McClure, as administrator with the will annexed of Williams, without naming the creditors, charges some of them had been overpaid and others not paid by Sara Williams as executrix. On appropriate allegations naming them, he was entitled to have such creditors made parties for the purpose of adjudicating their respective rights. Johnson v. Dodd's Adm'r, 238 Ky. 194, 37 S. W. (2d) 26, 77 A. L. R. 975. McClure complains of the items of $107.60 allowed Vonderhaar & Stetter for perpetual upkeep of the grave of Williams. Section 3868, Kentucky Statutes, authorized the personal representative to pay the burial expenses of the decedent. This does not include the item of $107.60, the cost of perpetual upkeep of the grave of Williams; nor is there any statute authorizing the payment of such expense and leaving unpaid the cost of administration or the debts of the decedent. In the absence of a will giving the personal representative power to do so, he cannot expend any portion of the estate for the upkeep of the decedent's grave. As to the other items constituting the claim of Vonderhaar & Stetter, the evidence sustains the judgment of the chancellor. The court improperly allowed the item of $107.60.

Billiter, Frick, and McClure complain of the action of the court permitting the action to be revived as to Vonderhaar, and of the order setting aside the judgment of March 5th and reviving the action and re-entering the judgment of May 4th. Vonderhaar & Stetter's action was in their names as partners to recover a claim due the firm. The accepted rule is, in an action by partners in behalf of the partnership, if one of them dies, the right of action survives to the other and it is unecessary to revive it in the name of the personal representative of the deceased copartner. See subdivision 1 of section 500, Civil Code of Practice, and Robinson & Co. v. Bank of Pikeville, 108 Ky. 389, 56 S. W. 660, 22 Ky. Law Rep. 42. It should be admitted that it was unnecessary to revive the action as to the estate of Vonderhaar. Therefore, the doing so was not prejudicial to Billiter and Frick, nor McClure as administrator with the will annexed. The Kenton circuit court is one of continuous session and had control over the judgment herein for sixty days, and the setting

aside the order of March 5th and re-entering it on May 4th was authorized by section 988, Kentucky Statutes, giving control over its judgment within sixty days of March 5th.

The motion for an appeal is sustained and the judgment is reversed in Howard L. Williams' Administrator with the Will Annexed, v. Bernard Vonderhaar's Executrix et al., for proceedings consistent herewith, and affirmed in Simon Billiter et al. v. Bernard Vonderhaar's Executrix et al.